# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L&M COMPANIES, INC., | Civil No. 09cv2207 JAH(NLS) |
| Plaintiff, | |
| v. | **TEMPORARY RESTRAINING ORDER** |
| FRESCO PRODUCE, INC. and FRANK TORRE, an individual, | |
| Defendants. | |

This matter is before the Court upon plaintiff's *ex parte* motion for a temporary restraining order[1] pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. A temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by declaration or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required. Fed.R.Civ.P. 65(b).

In this case, it clearly appears from the declaration of Carol McLean that plaintiff, L&M Companies, Inc., is a produce dealer and trust creditor of defendant Fresco Produce, Inc., under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $23,878.00

---

[1] Plaintiff entitled the motion as an "Order to Show Cause Why a Preliminary Injunction Should Not Issue and Temporary Restraining Order." *See* Doc. # 5.

1 supplied to said defendant as required by PACA. It is also clear from the same declaration 2 that said defendant is in severe financial jeopardy and the PACA trust assets are being 3 dissipated or threatened with dissipation, Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 4 (11th Cir. 1990), and that said defendant is not or may not be in a position to pay the 5 claims of plaintiff, Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 6 141 (3d Cir. 2000), thereby warranting the relief requested by plaintiff. On the basis of 7 the pleadings, declaration and other submissions plaintiff has filed in this matter, it 8 appears plaintiff will suffer immediate and irreparable injury due to defendant's dissipation 9 of plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) 10 and that such dissipation will continue in the absence of injunctive relief. Therefore, the 11 Court is of the opinion that a temporary restraining order should be issued.

12 If notice is given to defendant of the pendency of this motion, trust assets will be 13 further threatened with dissipation before the motion is heard. As noted in the legislative 14 history of PACA, once dissipation has occurred, recovery of trust assets is all but 15 impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. 16 Code & Admin. News 405, 411; J.R. Brooks & Son, Inc. v. Norman's Country Market, 17 Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures 18 retention of the trust assets under the control of this Court, which is specifically vested 19 with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accordance with Rule 65(b)(2), 20 plaintiff's attorney has certified why notice should not be required.

21 Based on the foregoing, this Court finds that plaintiff will suffer immediate 22 irreparable injury in the form of a loss of trust assets unless this Order is granted without 23 notice.

24 Therefore, **IT IS HEREBY ORDERED** that:

25 1. Plaintiff's motion for a temporary restraining order [doc. # 5] is **GRANTED**.
26 2. Defendant Fresno Produce, Inc., its agents, officers, subsidiaries, assigns, 27 banking and financial institutions, and all persons in active concert or participation with 28 said Defendant, including Hana Gibo and Sabah Youkhanna, are enjoined and restrained

from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order of this Court.

3. Under §499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Fresno Produce, Inc., unless Fresno Produce, Inc. can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however, Fresno Produce, Inc. may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Fresno Produce, Inc. maintains the proceeds of such sale subject to this Order.

4. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

5. The $23,878.00 in PACA trust assets belonging to plaintiff and in the possession of Fresno Produce, Inc. will serve as plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

6. This temporary restraining order is entered on October 15, 2009.

7. A hearing on plaintiff's motion for preliminary injunction is set before this Court for **October 26, 2009 at 11:00 a.m.**

8. Plaintiff shall serve a copy of this Order by personal service on or before **October 16, 2009**. Such service shall be deemed good and sufficient.

9. Defendant shall file any and all responsive pleadings to plaintiff's motion for preliminary injunction on or before **October 21, 2009.**

DATED: October 15, 2009

_/s/ John A. Houston_
JOHN A. HOUSTON
United States District Judge